# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| vs. | } Case No. CR-11-298-F |
| | } |
| CONNELL C. WILLIAMS, | } |
| | } |
| Defendant. | } |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

Pursuant to the requirements of 18 U.S.C. § 3593(a), the United States hereby gives notice that it believes that the circumstances of this case are such that, in the event that the defendant is convicted of the capital offense relating to the death of victim M.H., a sentence of death is justified and that the United States will seek the death penalty. Specifically, the United States will seek a sentence of death for the Indictment in this case which charges First Degree Murder in violation of 18 U.S.C. § 1111(a) & (b).

Pursuant to 18 U.S.C. § 3591(a)(2), the United States will rely on the following preliminary factor to establish the defendant's eligibility for the death penalty:

    1.    The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim. 18 U.S.C. § 3591(a)(2)(B).

Pursuant to 18 U.S.C. § 3592(c), the United States will rely on the following statutory aggravating factors as justifying a sentence of death:

1.      Heinous, cruel, or depraved manner of committing the offense. The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

2.      Vulnerability of victim. The victim was particularly vulnerable because of his youth and because he was in the care, custody, and control of the defendant. 18 U.S.C. § 3592(c)(11).

In addition to the statutory aggravating factors set forth above, the United States will rely on the following non-statutory aggravating factors to justify a sentence of death pursuant to 18 U.S.C. §§ 3592(c) and 3593(a)(2):

1.      Pattern of violent criminal conduct. The defendant has engaged in a pattern of violent conduct, including but not limited to, a history of stalking women with whom he has had prior relationships and prior incidents of physical abuse of children;

2.      Lack of remorse. The defendant, through his actions and statements, has demonstrated a lack of remorse concerning his commission of the offense charged in the Indictment;

3.      Victim impact evidence. The defendant caused injury, harm and loss to the victim and the victim's family and friends, including, but not limited to, the biological father who suffered the loss of his only son. In addition the victim's eight year old sister has been impacted by the death of her brother and the fact that she was forced to, in essence, participate in the abuse of her brother.

The Government further gives notice that in support of imposition of the death penalty for the Indictment, it intends to rely upon all of the evidence admitted by the Court at the guilt phase of the trial in the event of a conviction for the offense described in the Indictment as it relates to the background and character of the defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

        Respectfully submitted,

        s/ Randal A. Sengel
        SANFORD C. COATS
        United States Attorney
        RANDAL A. SENGEL
        ANDRE' B. CALDWELL
        Assistant U.S. Attorneys
        United States Attorney's Office
        Western District of Oklahoma
        210 West Park Avenue - Suite 400
        Oklahoma City, Oklahoma  73102
        RAS Direct:  (405)553-8845  Fax: 553-8887
        Randy.Sengel@usdoj.gov

## Certificate of Service

I hereby certify that on April 17, 2012, I caused this document to be electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a notice of filing to the following attorneys of record:

    Mark Henricksen
    Gary Peterson

        s/ Randal A. Sengel
        RANDAL A. SENGEL
        Assistant United States Attorney